UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEISHA BANKHEAD,
    Plaintiff,
-vs.-

ABILITY RECOVERY SERVICES, LLC,
a Pennsylvania limited liability company,
    Defendant.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, KEISHA BANKHEAD, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for her Complaint against the Defendant, pleads as follows:

**JURISDICTION**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in Allen Park, Wayne County, Michigan.

5. The Defendant to this lawsuit is Ability Recovery Services, LLC, which is a foreign limited liability company that conducts business in the state of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt with account number D4341313N1 in the amount of $244.00 allegedly owed to EPMG Downriver ("Alleged Debt").

7. On or about August 16, 2017, Ms. Bankhead obtained her credit files and noticed that Defendant reported the alleged Debt.

8. On or about September 14, 2017, Ms. Bankhead submitted a letter to Defendant disputing the alleged Debt.

9. On or about December 5, 2017, Ms. Bankhead obtained her Equifax credit file and noticed that Defendant failed to flag the Debt as disputed, in violation of the FDCPA.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates the preceding allegations by reference.

11. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

12. Ms. Bankhead is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

13. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

14. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(8) by failing to communicate that a disputed debt is disputed. Defendant violated this provision of the FDCPA when it continued to report the alleged Debt on Ms. Bankhead's Equifax credit file without indicating that she disputed the alleged Debt.

15. Ms. Bankhead has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

16. Plaintiff incorporates the preceding allegations by reference.

17. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

18. Ms. Bankhead is a debtor as that term is defined in M.C.L. § 339.901(f).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

20. Ms. Bankhead has suffered damages as a result of these violations of the Michigan Occupational Code.

21. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

24. Ms. Bankhead is a "Consumer" as that term is defined at MCL § 445.251.

25. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

26. Ms. Bankhead has suffered damages as a result of these violations of the MCPA.

27. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

          Respectfully submitted.

January 30, 2018        /s/ Gary Nitzkin
                              GARY D. NITZKIN (P41155)
                              CARL SCHWARTZ P70335
                              MARK LINTON P66503
                              CREDIT REPAIR LAWYERS OF AMERICA
                              Attorneys for Plaintiff
                              22142 West Nine Mile Road
                              Southfield, MI 48033
                              (248) 353-2882
                              Fax (248) 353-4840
                              Email – gary@crlam.com